IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ANDRE' WILLIS | * | |
| Petitioner, | | |
| v. | * | Civil Action Case No. PJM-10-494 |
| WARDEN, FCI-CUMBERLAND | * | |
| Respondent. | | |
| | *** | |

## MEMORANDUM OPINION

On February 26, 2010, the Court received a letter from Andre' Willis ("Willis"), an inmate at the Federal Correctional Institution in Cumberland. He seemingly complains that he has been refused consideration for Residential Re-entry Center ("RRC") placement for the statutorily permitted and allowable maximum 12-month period provided in the Second Chance Act of 2007, or 18 U.S.C. § 3624(c).[1] Willis contends that when enacting the statute, Congress intended that each inmate be considered for the full 12-month period, limited by specific statutory provisions under Title 18. He alleges that requiring him to exhaust his administrative remedies would be "futile" and he would be irreparably harmed if required to exhaust at this time. Willis contends that if afforded relief, he might be eligible for early parole reviews, RRC placements, and release from prison.

---

[1] The Second Chance Act, effective April 9, 2008, amended 18 U.S.C. § 3624(c), provides, in pertinent part:

(1) In general. The Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such conditions may include a community correctional facility.

(2) Home confinement authority. The authority under this subsection may be used to place a prisoner in home confinements for the shorter of 10 percent of the term of imprisonment of that prisoner or 6 months.

Willis's correspondence was construed as a 28 U.S.C. § 2241 Petition for habeas relief seeking to challenge execution (length and duration) of his sentence. Although he has not filed the habeas filing fee or indigency application, he shall not be required to cure this deficiency. For reasons to follow, the Petition shall be dismissed without prejudice.

Although § 2241 does not contain a statutory exhaustion requirement, courts have consistently required a petitioner to exhaust his administrative remedies prior to petitioning for a writ of habeas corpus. This allows the appropriate agency to develop a factual record and apply its expertise, which can facilitate judicial review. This also permits agencies to grant the relief requested, which conserves judicial resources and provide agencies the opportunity to correct their own errors, fostering administrative autonomy, before a petitioner hales it into federal court. *See McCarthy v. Madigan*, 503 U.S. 140, 144-145 (1992); *Moscato Fed. Bureau of Prisons*, 98 F.3d 757, 761-62 (3rd Cir. 1996).

There are, however, instances where exhaustion may be excused. The Supreme Court recognizes that "it is a principle controlling all habeas corpus petitions to the federal courts, that those courts will interfere with the administration of justice…only in rare cases where exceptional circumstances of peculiar urgency are shown to exist." *Rose v. Lundy*, 455 U.S. 509, 515-516 (1982). Exhaustion of administrative remedies may not be required where a petitioner demonstrated futility, the actions of the agency clearly and unambiguously violate statutory or constitutional rights, or the administrative procedure is clearly shown to be inadequate to prevent irreparable harm. *See Lyons v. U.S. Marshals*, 840 F.2d 202, 205 (3rd Cir. 1988).

Willis seemingly admits that he did not exhaust the Bureau of Prisons ("BOP") Administrative Remedy Program ("ARP")[2] before filing his letter petition, but contends that he should be excused from that prerequisite, citing conclusory grounds of futility and irreparable harm. Exhaustion of administrative remedies is not rendered futile simply because an inmate anticipates he will be unsuccessful in his administrative appeals before the 12-month pre-release mark.[3] Unless the agency is certain to rule adversely, however, a petitioner's unsupported prediction of failure does not excuse his lack of administrative exhaustion. *See Thetford Prop. IV Ltd. P'ship v. U.S. Dep't of Hous. & Urban Dev.,* 907 F.2d 445, 450 (4th Cir. 1990). Allowing a petitioner to avoid the administrative process based on a mere conclusory assertion "would allow the futility exception to swallow the exhaustion." *Id*.

Willis also argues generally that he would be prejudiced or irreparably harmed if required to exhaust the BOP ARP, but he provides no factual or legal basis in support of his claim. To the extent that he is arguing a time constraint if the exhaustion is required to be played out, the Court finds no merit to his claim. According to the BOP Inmate Locator website, Willis has an actual or projected release date of March 27, 2012. He has more than sufficient time to exhaust his administrative remedies before eligible for transfer to an RRC if he was granted the statutory

---

[2] The BOP has a three-level ARP that is available to inmates for "review of an issue which relates to any aspect of their confinement." 28 C.F.R. § 542.10. An inmate must first attempt informally to resolve the issue with institutional staff. *See* 28 C.F.R. § 542.13(a). If the concern is not informally resolved, an inmate may file an appeal to the Warden of the institution where he is confined. *See* 28 C.F.R. § 542.14. An inmate may then further appeal an adverse decision to the Regional Director. *See* 28 C.F.R. § 542.15(a). Finally, the inmate may make an administrative appeal to the BOP's Central Office. *Id*. No administrative remedy appeal is considered to be fully exhausted until it has been reviewed by the BOP's Central Office. *Id*. If the inmate receives no response within the time allotted for reply, "the inmate may consider the absence of a response to be a denial at that level." 28 C.F.R. § 542.18.

[3] Indeed, the 12 month pre-release period is a statutory maximum and not a mandate. *See* 18 U.S.C. § 3624 ©(1)-(6).

maximum of twelve months.[4]

Accordingly, the Court will dismiss the letter Petition for a writ of habeas corpus without prejudice for the failure to exhaust administrative remedies. A separate Order follow.

|  | /s/ |
|---|---|
| March 18, 2010 | PETER J. MESSITTE<br>UNITED STATES DISTRICT JUDGE |

---

[4] If each stage of the ARP process required the maximum number of days allowed by statute, the entire process would take approximately four months. *See* 28 C.F.R. § 542.14 to 542.15; *see also Larue v. Adams*, 2006 WL 1674487 *9 *(S.D. W. Va. June 12, 2006).